```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/11/16
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor,                  :
United States Department of Labor,
                                                       :
                        Plaintiff,                     :   Civil Action No.
        v.                                             :
                                                           15-cv-6758 (____)(AJP)
                                                       :
IL COMMENDATORE RESTAURANT, INC. d/b/a
CASA BELLA RISTORANTE; ADELE GALLO,                   :
Individually and as Owner,
                                                       :
                        Defendants.
                                                       :
------------------------------------------------------------

## CONSENT JUDGMENT

Plaintiff, THOMAS E. PEREZ, the Secretary of Labor, has filed his complaint and defendants appeared by Counsel and, without admitting or denying the allegations contained in the Complaint, agree to the entry of this Judgment. Defendants acknowledge their responsibilities pursuant to this Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court if they fail to substantially and materially comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown, ORDERED, ADJUDGED, AND DECREED that:

I.      Defendants IL COMMENDATORE RESTAURANT, INC. d/b/a CASA BELLA RISTORANTE, and ADELE GALLO, and their officers, agents, employees, and all persons acting or claiming to act in their behalf and interest ("Defendants") are permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

{00611770.DOCX / }

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their non-exempt employees in any workweek who are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 C.F.R. Part 516.

(4) Defendants shall not discharge or take any retaliatory action against an employee, including soliciting the repayment of minimum wages and overtime compensation paid to any employee, because the employee engaged in or is believed to have engaged in any of the following activities:

      a.      Discloses, protests, or threatens to disclose or protest, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

      b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship; or

      c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act, or a rule or regulation promulgated pursuant to the Act.

(5) Defendants, along with their officers, agents, and managers, shall not tell anyone who works for them not to speak to representatives of the Department of Labor or to provide untruthful information to the Department of Labor regarding the terms or conditions of their employment, or ask anyone who works for them to give them any documents or business cards provided by representatives of the Department of Labor.

II. Defendants are enjoined and restrained from withholding the payment of $230,000.00, such sum representing back wages in the amounts of minimum wage and overtime compensation due to the employees as set forth in Exhibit A, which is attached hereto. In addition, the Defendants shall pay the amount of $230,000.00 in liquidated damages to the

employees as set forth in Exhibit A. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

  III.  The provisions of this Consent Judgment relative to back wage payments and liquidated damages shall be deemed satisfied when defendants fully comply with the terms of payment set forth below:

(1) Payment of the minimum wage and overtime compensation shall be made beginning with a down payment of $160,000 made within fifteen (15) days of entry of this Consent Judgment. The remaining balance $300,000 shall be made in three (3) separate installments of $100,000 plus post-judgment interest as required by 28 U.S.C. § 1961 calculated at the rate of .71% per annum. The three (3) installment payments shall be made according to the following schedule:

  a. The first installment payment of $100,000 plus $525.66 post-judgment interest shall be made within ninety (90) calendar days of the initial down payment, and no later than April 14, 2016;

  b. The second installment payment of $100,000 plus $701.50 post-judgment interest shall be made within ninety (90) calendar days of the first installment payment, and no later than July 15, 2016.

  c. The third installment payment of $100,000 plus $526.58 post-judgment interest shall be made within ninety (90) calendar days of the second installment payment, and no later than October 10, 2016.

(2) All payments shall be made payable to the Wage and Hour Division – Labor by mailing of a certified check or money order in the required amount to the Plaintiff's representative:

U.S. Department of Labor<br>
The Curtis Center, Suite 850 West<br>
170 South Independence Mall West<br>
Philadelphia, PA 19106-3317<br>
Attn: Kim Norwood

(3) Each check or money order shall have the following reference number on it: 1709824.

(4) Copies of each certified check or money order and cover letter shall be simultaneously sent to Debbie Lau, Assistant Director, U.S. Department of Labor, Wage & Hour Division, New York Area Office, 26 Federal Plaza, Suite 3700, New York, New York 10278.

(5) Defendants can make early payment of the entire outstanding amount due without penalty and any early payment will include a reduction in the post-judgment interest due. If Defendants pay the entire outstanding amount due in advance of the payment schedule set forth above, they shall contact the U.S. Department of Labor prior to making such payment to confirm the amount of interest due.

IV. The plaintiff, Secretary of Labor, shall deliver the proceeds of each check less any legal deductions to the employees listed in Exhibit A. Any sums not distributed to the employees or to their personal representatives or estates within a period of three years, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c).

V. Upon request, defendants shall make available to plaintiff the social security number, if such is available, and the last known telephone number and mailing address of each employee or former employee listed in Exhibit A.

VI.  Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages paid under this Judgment from any of the employees listed in Exhibit A. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

VII.  A ten (10) calendar-day grace period measured from the payment dates set forth in Paragraph III.1 shall be allowed for payment of each payment that is required by Paragraph III of this Judgment. If Defendants fail to make a payment within the ten (10) calendar-day grace period, upon written notice mailed and faxed to Defendants at 127 Mulberry Street, New York, NY 10013, (212) 343-1337 with a copy simultaneously sent via email to Defendants' attorneys, without Court approval, all remaining installment payments shall become due and payable within five (5) business days of the date of the notice, less any unaccrued interest. If Defendants' address or fax number changes, they shall inform the Secretary's counsel in writing of any such change for purposes of this paragraph and paragraph VIII.

VIII.  If Defendants fail to make the payments, as set forth in Paragraph III, then, in addition to the provisions of Paragraph VII, upon written notice mailed and faxed to Defendants with a copy simultaneously sent via email to Defendants' attorneys, the Court shall, upon application to the Court by plaintiff with notice to Defendants' attorneys, appoint a Receiver to effectuate all of the terms of this Consent Judgment. In the event a Receiver is appointed:

(1)  Defendants shall cooperate with the Receiver in all respects and shall provide to the Receiver any books and records and other information which the Receiver

requires to carry out the provisions of this Judgment. In addition, the defendants shall submit to an accounting by an independent certified public accountant and/or the Receiver, and shall testify, if the accountant or Receiver so decides.

(2) All the expenses of the accountant or Receiver shall be borne solely by defendants.

(3) The Receiver shall serve until the payment of the monetary terms of this Consent Judgment are satisfied.

(4) The Receiver shall have full authority to: collect the defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Consent Judgment.

IX. Defendants expressly agree, and it is hereby ORDERED, that Defendants shall comply with the COMPLIANCE PLAN attached hereto as Exhibit B and shall post the NOTICE attached hereto as Exhibit C.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendants not listed on Exhibit A, be they current or former employees, to file any action against defendants under section 16(b) of the Act; or likewise for any current or former

employee listed in this Consent Judgment to file any action against defendants under section 16(b) of the Act for claims based on events occurring on or after December 31, 2015.

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XII. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

XIII. Defendants acknowledge that they have notice of, have read, and understand the provisions of this Consent Judgment, acknowledge and understand their responsibilities pursuant to this Consent Judgment, and acknowledge that they will be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with any of the provisions of this Consent Judgment.

DATED: _____, 2016
NEW YORK, NEW YORK

SO ORDERED: 1/11/16

_____
HONORABLE ANDREW J. PECK
UNITED STATES MAGISTRATE JUDGE

BY: _____
ADELE GALLO, Individually

_____
IL COMMENDATORE RESTAURAUNT, INC.
By: Adele Gallo, Corporate Officer

HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

BY ECF

*[signature: Jane Lauer Barker]*
_____
JANE LAUER BARKER
Pitta & Giblin LLP
120 Broadway, 28th Floor
New York, New York 10271
Tel. (212) 652-3890
jbarker@pittagiblin.com

DATED: _____Jan. 7_____, 2016
NEW YORK, NEW YORK

*[signature]*
_____
THOMAS E. PEREZ
Secretary of Labor, United States Department of Labor
By:   David M. Jaklevic, Attorney for Plaintiff

DATED: _____January 8_____, 2016

9

{00611770.DOCX / }

RESOLVED, that IL COMMENDATORE RESTAURANT, INC. hereby ratifies and confirms the offer made THOMAS E. PEREZ, Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporation consents to the entry of the Consent Judgment, said judgment to be entered in an action which has been filed by THOMAS E. PEREZ, Secretary of Labor, or his successors, against the corporation and the officers of the corporations be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said judgment and any or all stipulations, amendments and changes therein.

The undersigned, ADELE GALLO, President and officer of IL COMMENDATORE RESTAURANT, INC., hereby certifies that the foregoing is a true copy of a resolution adopted by the Corporation, as evidenced by the signature of the officer of the Corporation who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that ADELE GALLO, whose signature appears below, is an employee of said corporation and that the undersigned has duly been authorized by said resolution to execute the aforementioned consent to the entry of said judgment on behalf of the corporation.

_____
President/Authorized Officer

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On the 7th day of Jan. 2016 before me came ADELE GALLO ("the deponent") to me known, who, being by me duly sworn, did depose and say that the deponent is the President of IL COMMENDATORE RESTAURANT, INC. the corporation described in and which executed the foregoing instrument, that the deponent is a duly authorized officer of said corporation. Before me, the deponent signed thereto by like order.

_____
NOTARY PUBLIC

Jane L. Barker
Notary Public, State of New York
No. 02BA6144861
Qualified in Westchester County
Commission Expires May 1, 20 18

10

{00611770.DOCX / }

EXHIBIT A
IL COMMENDATORE RESTAURANT, INC.
Case No. 1709824

| Employee Name | Back Wages Due | Liquidated Damages Due | Total Back Wages and Liquidated Damages |
|---|---|---|---|
| Miguel Angel Aguila | $1,098.83 | $1,098.83 | $2,197.66 |
| Sandro Aguilar | $636.60 | $636.60 | $1,273.20 |
| Carlos Alvarez | $3,207.34 | $3,207.34 | $6,414.68 |
| Renato Bardini | $791.09 | $791.09 | $1,582.18 |
| Anthony Barrios | $299.55 | $299.55 | $599.10 |
| Susan Borriello | $7,132.99 | $7,132.99 | $14,265.98 |
| Santiago Cabrera | $610.30 | $610.30 | $1,220.60 |
| Joseph Costable | $21,219.05 | $21,219.05 | $42,438.10 |
| Dawn Costiera | $1,397.40 | $1,397.40 | $2,794.80 |
| Ablablerdo Cruz | $342.41 | $342.41 | $684.82 |
| Silvestre Rosa Cruz | $642.53 | $642.53 | $1,285.06 |
| Mario R. Cuellar | $537.33 | $537.33 | $1,074.66 |
| Perparim Daku | $410.06 | $410.06 | $820.12 |
| Rubicelio Hernandez Delgado | $86.73 | $86.73 | $173.46 |
| Jose A. De Moura | $16,797.26 | $16,797.26 | $33,594.52 |
| Jane Deluca | $3,013.06 | $3,013.06 | $6,026.12 |
| Nicholas Ekpeti | $92.84 | $92.84 | $185.68 |
| Felix Escalante | $1,214.20 | $1,214.20 | $2,428.40 |
| Juan Fernandez | $1,040.74 | $1,040.74 | $2,081.48 |
| Benigno Ayala Flores | $107.72 | $107.72 | $215.44 |
| Fernando Fortiz | $2,976.85 | $2,976.85 | $5,953.70 |
| Leonides Garcia | $70.19 | $70.19 | $140.38 |
| Panuncio Garcia | $107.24 | $107.24 | $214.48 |
| Ricardo Garcia | $1,023.52 | $1,023.52 | $2,047.04 |
| Rodolfo Garcia | $1,794.66 | $1,794.66 | $3,589.32 |
| Dawn Gargiulo | $776.53 | $776.53 | $1,553.06 |
| Jesus Guevara Sanchez | $119.26 | $119.26 | $238.52 |
| Juan Pablo Guzman | $938.63 | $938.63 | $1,877.26 |
| Santiago Hernandez | $14,828.22 | $14,828.22 | $29,656.44 |
| Artemio Hiranda | $86.73 | $86.73 | $173.46 |

| | | | |
|---|---|---|---|
| Pascual Ixmata | $2,042.38 | $2,042.38 | $4,084.76 |
| Janis Jimenez Jaimes | $351.80 | $351.80 | $703.60 |
| Arturo Laca | $3,674.38 | $3,674.38 | $7,348.76 |
| Luis Lema | $522.08 | $522.08 | $1,044.16 |
| Arturo Lopez | $477.01 | $477.01 | $954.02 |
| Antolin Martinez | $2,872.62 | $2,872.62 | $5,745.24 |
| Jose Martinez | $130.09 | $130.09 | $260.18 |
| Jose Mandoza | $672.70 | $672.70 | $1,345.40 |
| Jose Mendoza | $2,907.25 | $2,907.25 | $5,814.50 |
| Jose Miculax | $34.57 | $34.57 | $69.14 |
| Daniel Mizhquiri | $4,394.23 | $4,394.23 | $8,788.46 |
| Jack Molina | $546.25 | $546.25 | $1,092.50 |
| Sebastian Mondaca | $823.36 | $823.36 | $1,646.72 |
| Alfonso Santiago Morales | $1,455.08 | $1,455.08 | $2,910.16 |
| David Murati | $1,836.46 | $1,836.46 | $3,672.92 |
| Antonio Panoj Noj | $1,318.61 | $1,318.61 | $2,637.22 |
| Juan Carlos Ordonez | $285.86 | $285.86 | $571.72 |
| Luis Orellana | $237.64 | $237.64 | $475.28 |
| Adelaido Ortiz | $4,860.34 | $4,860.34 | $9,720.68 |
| Raymundo Ortuno | $800.39 | $800.39 | $1,600.78 |
| Jose Alberto Osorio | $3,419.82 | $3,419.82 | $6,839.64 |
| Lenon Peres | $3,805.92 | $3,805.92 | $7,611.84 |
| Jose Olivero Ramirez | $175.90 | $175.90 | $351.80 |
| Emin Rata | $6,281.17 | $6,281.17 | $12,562.34 |
| Fortino Reyes | $68.16 | $68.16 | $136.32 |
| Myriama Ibarra Rivera | $557.46 | $557.46 | $1,114.92 |
| Diego Alberto Rodriguez | $21,802.49 | $21,802.49 | $43,604.98 |
| Omar Rodriguez | $725.44 | $725.44 | $1,450.88 |
| Juan Manuel Rojo | $3,554.45 | $3,554.45 | $7,108.90 |
| Esat Saiti | $1,579.33 | $1,579.33 | $3,158.66 |
| Blendi Sahiti | $200.44 | $200.44 | $400.88 |
| Alejandro Salazar | $352.56 | $352.56 | $705.12 |
| Oliver Salazar | $79.33 | $79.33 | $158.66 |
| Carlos Espirito Sanchez | $86.73 | $86.73 | $173.46 |
| Sulayman Sanyang | $70.38 | $70.38 | $140.76 |

| | | | |
|---|---|---|---|
| Hector Danilo Savarin | $780.56 | $780.56 | $1,561.12 |
| Juan Edwin V. Solis | $2,052.18 | $2,052.18 | $4,104.36 |
| Marco Stepinac | $4,536.89 | $4,536.89 | $9,073.78 |
| Armando Tacuri | $9,994.74 | $9,994.74 | $19,989.48 |
| Marco Titi | $2,905.19 | $2,905.19 | $5,810.38 |
| Rafael Torres | $785.92 | $785.92 | $1,571.84 |
| Amadeo Trejo | $8,924.00 | $8,924.00 | $17,848.00 |
| Eduardo Tzoc | $2,302.71 | $2,302.71 | $4,605.42 |
| John Paul Valerio Torres | $827.42 | $827.42 | $1,654.84 |
| Jaime Vargas Salvador | $19,035.77 | $19,035.77 | $38,071.54 |
| Alonso Rodrigo Vicente | $9,501.54 | $9,501.54 | $19,003.08 |
| Francisco Vicioso Ramirez | $3,193.19 | $3,193.19 | $6,386.38 |
| Wilson Vicioso | $2,250.20 | $2,250.20 | $4,500.40 |
| Domingo Campos Villas | $780.56 | $780.56 | $1,561.12 |
| David Wilson | $4,270.88 | $4,270.88 | $8,541.76 |
| Fabio Zuluaga | $1,455.71 | $1,455.71 | $2,911.42 |
| | | | |
| **Total** | **$230,000.00** | **$230,000.00** | **$460,000.00** |

## IL COMMENDATORE RESTAURANT, INC. – EXHIBIT B

Defendants IL COMMENDATORE RESTAURANT, INC., and ADELE GALLO ("Defendants") shall comply with all of the provisions of the Consent Judgment and shall, to the extent that they have not already done so, take the following additional steps within 10 days of the entry of the Consent Judgment unless otherwise specified:

1. Defendants, along with their officers, agents, and managers, shall utilize a time clock or other automated timekeeping system to accurately record all hours worked by all employees.

2. Defendants, along with their officers, agents, and managers, shall not require or permit employees to perform work "off the clock" either before or after their shift.

3. Defendants, along with their officers, agents, and managers, shall ensure that they pay their employees for all hours worked and only deduct from hours worked for breaks of 20 minutes or more and meal breaks of 30 minutes or more. Defendants' timekeeping system shall accurately record employees' time spent on breaks.

4. Defendants, along with their officers, agents, and managers, shall maintain accurate records of all tips received by any employees on a daily basis. The records shall also include an accurate recording of any and all tips that are distributed through a tip pool, including the identity of the employees who receive the tips, the amount of tips received, and the date that any such tips were received by the employee.

5. Defendants shall provide written notice of the Fair Labor Standards Act's tip credit provisions to all employees for whom Defendants intend to claim a tip credit against their minimum wage obligations.

6. Defendants shall maintain accurate and concurrent records substantiating the cost of providing meals to employees, including separate records for each employee on a workweek basis if Defendants claim a meal credit towards any employees' minimum hourly wage or overtime wage. The records shall comply with the requirements of 29 C.F.R. § 516.28.

7. Defendants, along with their officers, agents, and managers, shall ensure that payroll records accurately reflect all hours worked and amounts paid to their employees whether paid by check or cash.

8. Defendants shall post the attached Exhibit C in English and Spanish on a bulletin board in a prominent location at Casa Bella Ristorante. Defendants shall maintain this posting for a period of two years from entry of this Judgment.

9. Defendants shall provide all of their employees each of the following documents, in their choice of Spanish or English, the flyer "Employee Rights Under the Fair Labor Standards Act" as issued by the U.S. Department of Labor; and "Fact Sheet #23: Overtime Pay Requirements of the FLSA" as issued by the U.S. Department of Labor.

   Defendants shall provide these documents to its current employees within 30 days of the entry of this Consent Judgment. Thereafter, defendants shall provide to any new employees, at the time that they hire them, each of those documents, in their choice of Spanish or English.

10. Defendants shall display in conspicuous places throughout their establishment for their employees' viewing the poster "Employee Rights Under the Fair Labor Standards Act" issued by the U.S. Department of Labor in both English and Spanish.

## NOTICE TO EMPLOYEES – EXHIBIT C

Il Commendatore Restaurant, Inc. ("Casa Bella Ristorante") and its owners have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement, which has been approved by a judge. Under this settlement agreement, Casa Bella Ristorante will pay the Department of Labor money for former and current employees who worked at Casa Bella Ristorante from June 27, 2012 through December 15, 2015, and the Department of Labor will distribute the money directly to the employees. This settlement resolves claims involving the Fair Labor Standards Act during the time period from June 27, 2012, through December 15, 2015.

Casa Bella Ristorante may not request that you return this money to them. If you are an employee of Casa Bella Ristorante and leave this job, please call the U.S. Department of Labor at (212) 264-8185 to update your contact information. Casa Bella Ristorante must pay its non-exempt employees at least the minimum wage for all hours worked, and this includes the time that you are required to be at the worksite and performing work duties. In addition, Casa Bella Ristorante must pay its non-exempt employee overtime for all hours worked over 40 in a workweek at a rate of 1.5 times the employee's regular rate of pay.

Employees who regularly and customarily receive tips must be paid at least the minimum wage. As long as the minimum wage is paid, the wage can include a cash wage paid by the employer and tips. The cash wage and tips together must equal at least the applicable minimum wage. In addition, tips received by tipped employees must be retained by them except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

Casa Bella Ristorante and its employees may not fire, threaten to fire, retaliate (including retaliating through assignment of hours or shifts), or discriminate against employees in any other way because the employee cooperated with the Department of Labor as asserted their rights to be paid minimum wage, overtime, and provide information to the Department of Labor. If you are an employee and you are not paid minimum wage for all the hours you worked or are not paid overtime or you need to updated your contact information, or if any person associated with Casa Bella Ristorante retaliates against employees or tells employees to return their wages, please call the U.S. Department of Labor at (212) 264-8185. Your name will be kept confidential and not disclosed.

## AVISO A LOS EMPLEADOS - ANEXO C

Il Commendatore Restaurante, Inc. ("Casa Bella Ristorante") y sus propietarios han resuelto una demanda con el Departamento de Trabajo de Estados Unidos y entró en un acuerdo de solución, que ha sido aprobado por un juez. En virtud de este acuerdo, Casa Bella Ristorante pagará el dinero del Departamento de Trabajo para los empleados actuales y anteriores que trabajaron en Casa Bella Ristorante desde el 27 de junio de 2012 hasta el 15 de diciembre 2015, y el Departamento de Trabajo distribuirá el dinero directamente a los empleados. Este acuerdo resuelve las reclamaciones concernientes a la Ley de Normas Razonables de Trabajo durante el período del 27 de junio de 2012 al 15 de diciembre, de 2015.

Casa Bella Ristorante, no podrá pedir que devuelva este dinero para ellos. Si usted es un empleado de la Casa Bella Ristorante y deja este trabajo, por favor llame al Departamento de Trabajo de Estados Unidos al (212) 264-8185 para actualizar su información de contacto. Casa Bella Ristorante debe pagar a sus empleados no exentos al menos el salario mínimo por todas las horas trabajadas, y esto incluye el tiempo que usted está obligado a estar en las obligaciones laborales del lugar de trabajo y escénicas. Además, Casa Bella Ristorante debe pagar a sus trabajadores no exentos por todas las horas trabajadas más de 40 en una semana de trabajo, a razón de tiempo y medio de la tasa regular

Los empleados que regularmente y habitualmente reciben propinas deben ser pagado al menos el salario mínimo. Siempre y cuando se paga el salario mínimo, el salario puede incluir un salario efectivo pagado por el empleador y propinas. El salario en efectivo y propinas juntos debe ser igual al menos el salario mínimo aplicable. Además, propinas recibidas por los empleados que reciben propinas deben ser retenidos por ellos a excepción de un acuerdo de agrupación punta válida limitado a los empleados que habitual y regularmente reciben propinas.

Casa Bella Ristorante y sus empleados no pueden despedir, amenazar con despedir, tomar represalias (incluyendo represalias a través de la asignación de horas o turnos), o discriminar a los empleados de cualquier otra manera porque el empleado cooperó con el Departamento de Trabajo o ejercieron sus derechos a pagar salario mínimo, horas extras, y proporcionar información al Departamento de Trabajo. Si usted es un empleado y no le pagan el salario mínimo por todas las horas que trabajó o no se pagan las horas extras a tiempo y medio o necesita actualizar su información de contacto, o si cualquier persona asociada con Casa Bella Ristorante toma represalias contra los empleados o le dice a los empleados a regresar a su salarios, por favor llame al Departamento de Trabajo de Estados Unidos al (212) 264-8185. Su nombre será confidencial y no divulgado.